UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
KARL JASMIN

                Plaintiff,

        - against-

ECHOSTAR SATELLITE CORPORATION,
ECHOSTAR SATELLITE LLC, ECHOSPHERE LLC,
and ECHOSTAR COMMUNICATIONS CORPORATION

                Defendants.
-----------------------------------------------------------x

Index No. 05 CV 1295
(LAK)

COMPLAINT

Plaintiff by his attorneys, the Law Offices of Jonathan Weinberger, as and for his complaint, respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Family and Medical Leave Act of 1993, as amended, 29 U.S.C. Sec. 2601 et seq. ("the FMLA"), and to remedy discrimination under the New York State Human Rights Law (the "HRL") and the Administrative Code of the City of New York (the "NYCHRL").

2. Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are sought pursuant to the above-referenced statutes.

3. Plaintiff has fully complied with all prerequisites to jurisdiction in this court under applicable law. This Court has jurisdiction over this matter under the FMLA, as set forth in 28 U.S.C. § 1331 and 26 U.S.C. U.S.C. § 2617(a). Jurisdiction of the claims under the New York

State Human Rights Law, and the Administrative Code of the City of New York is invoked under the principles of pendent jurisdiction.

4. As the unlawful employment practices complained of herein occurred within the Eastern District, venue is proper in this district.

## PARTIES

5. Upon information and belief defendant, ECHOSTAR SATELLITE LLC, is a foreign limited liability company authorized to do business in the State of New York, with offices in New York County.

6. Upon information and belief defendant, ECHOSTAR SATELLITE CORPORATION is a foreign corporation authorized to do business in the State of New York with offices in New York County.

7. Upon information and belief defendant, ECHOSPHERE LLC, is a foreign limited liability company.

8. Upon information and belief defendant, ECHOSTAR COMMUNICATIONS CORPORATION is a foreign corporation.

9. Plaintiff at all relevant times was employed by defendants.

## BACKGROUND

10. Plaintiff was hired by defendants on or about July 22, 2002 as a field specialist.

11. Plaintiff's position involved installing satellite dishes.

12. At all relevant times, plaintiff has suffered from serious medical conditions and disabilities related to injuries to his knees, back and head.

13. At all relevant times, plaintiff had serious health conditions, under the FMLA, and

2

disabilities, under the HRL and the NYCHRL.

14. At all relevant times, defendants were advised of plaintiff's conditions and disabilities.

15. Plaintiff requested reasonable modifications to his job duties to accommodate his serious medical conditions and disabilities.

16. Plaintiff asked to transfer to other available positions which would have been reasonable accommodations with regard to his serious medical conditions and disabilities.

17. Defendants failed and refused to afford plaintiff reasonable accommodations with regard to his serious medical conditions and disabilities.

18. Plaintiff complained about discrimination based on his serious medical conditions and disabilities.

19. On or about July 12, 2004 while working for defendants plaintiff injured himself while installing an antenna.

20. On or about July 12, 2004, plaintiff sought treatment and was treated at Coney Island Hospital for his injuries, including injuries to his knees.

21. On or about July 13, 2004, plaintiff was fired when he reported to work.

22. At all relevant times, plaintiff was able to perform the essential functions of his job with a reasonable accommodation.

23. Defendants failed to afford plaintiff a reasonable accommodation for his disabilities and serious health conditions.

24. Defendants did not provide plaintiff with proper notice of his rights under applicable law, including but not limited to the FMLA, the HRL and the NYCHRL.

25. Defendants did not afford plaintiff leave and/or intermittent leave as required by the FMLA.

26. At all relevant times, plaintiff complained about defendants' discriminatory conduct and defendants retaliated against plaintiff therefor.

27. As a result of defendants' discriminatory and unlawful acts and retaliatory acts, including but not limited to those described above, and the hostile environment created thereby, plaintiff has suffered and will continue to suffer monetary damages and damage unless and until this court grants relief.

## FIRST COUNT

28. Plaintiff repeats, reiterates and realleges each and every allegation set forth above, as though set forth fully herein.

29. Defendants failed to afford plaintiff his rights pursuant to the FMLA.

30. Defendants retaliated against plaintiff for exercise of his rights under the FMLA.

31. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of the defendants' unlawful practices, unless and until this court grants relief.

## SECOND COUNT

32. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

33. The above acts and practices of defendants constitute unlawful discriminatory employment practices based on disability and/or perceived disability and retaliation within the meaning of the New York State Human Rights Law.

34. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary

damages as a result of defendants' discriminatory practices, unless and until this court grants relief.

### THIRD COUNT

35. Plaintiff repeats the allegations set forth above with the same force and effect as if set forth herein.

36. The above acts and practices of defendant constitute unlawful discriminatory practices based on disability and/or perceived disability and retaliation within the meaning of Section 8-101 *et seq.* of the Administrative Code of the City of New York.

37. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of defendants' discriminatory practices, unless and until this court grants relief.

WHEREFORE, plaintiff respectfully requests that this court grant the following relief:

1. Enter a declaratory judgment that the acts and practices of Defendants complained of herein are in violation of the laws of the United States, the State of New York and the City of New York, and for such other affirmative relief as may be necessary to redress the effects of Defendants' discriminatory acts, including damages for wages, pain and suffering, compensatory damages, punitive damages, liquidated damages, attorney's fees, cost and disbursements, and legal interest thereon.

2. A money judgment, in an amount to be determined at trial, for the mental distress, anguish, pain and suffering experienced by Plaintiff as a result of Defendants' illegal employment practices and activities, as provided for by the HRL and the NYCHRL.

3. A money judgment, in an amount to be determined at trial, for punitive damages to the extent that defendants' actions were willful, intentional and malicious.

4. Enter judgment and grant relief declaring that the action of defendants described

herein have violated plaintiff's rights under § § 29 U.S.C. 2614 (a) (1), 2614 (a) (2), 2614 (c )(1) and 2615 (a).

5. Enter judgment in favor of plaintiff and against defendants for damages and interest pursuant to § § 29 U.S.C. 2617 (a)(1) (A)(i) and 2617 (a)(1)(A)(ii).

6. Enter judgment in favor of plaintiff and against defendants for liquidated damages pursuant to § 29 U.S.C. 2617 (a)(1) (A)(iii).

7. Award plaintiff the cost of this action together with reasonable attorneys' fees, pursuant to the FMLA and the NYCHRL.

8. Grant plaintiff such other and further relief as to this court appears just and proper.

### DEMAND FOR A TRIAL BY JURY

Pursuant to Rule 38 (b) of the Federal Rules of Civil Procedure, plaintiff demands a trial by jury in this action.

Law Offices of Jonathan Weinberger
Attorneys for Plaintiff

BY: _____
(JW-2425)
880 Third Avenue, 13th Fl.
New York, New York 10022
(212) 752-3380